Herbert's Executors v. Post.

---

HERBERT'S EXECUTORS *vs.* POST and others.

1. A gift of a fund "until the youngest child of my daughter, Amy Eliza, attains the age of twenty-one years," and after said child attains the age of twenty-one years, the proceeds of the fund to be divided by the executors between the children of said daughter, share and share alike vests in a child dying before the period fixed for distribution, an equal share with those surviving at that period; and the administrator of the legatee so dying is entitled to that share.

2. When a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, the children, if any, living at the death of the testator, take an immediately vested interest in their shares, and on the death of any of the children during the life of the tenant for life, their shares (if their interest is transmissible) devolve to their respective representatives.

3. Where the absolute property in a fund is bequeathed in fractional interests, in succession, at periods which must arrive, the interest of the first and subsequent takers vest together.

4. A bequest in the form of a direction to pay, or to pay and divide, vests immediately, if the payment be postponed for the convenience of the estate, or to let in some other interest.

---

On final hearing, on bill and answers.

*Mr. John H. Post* (of New York), for the surviving children of Amy Eliza Post.

*Mr. A. V. Van Fleet,* for the administrator of Martha A. Post.

THE CHANCELLOR.

The question presented for decision, arises under the will of John Herbert, late of the county of Somerset. The will is dated February 25th, 1856, and the testator died in March of that year. The sixth section is as follows : " I give and devise to my said executors all that tract of land and premises situate in the county of Genesee and State of New York, now in the occupancy of Abraham Post, being the same conveyed to me by the said Abraham Post, by deed dated the 6th of November, 1838, and in said deed particularly described, as by reference to the same recorded in the Genesee county clerk's office, in book 51 of deeds, page 200, will appear ; to have and to hold the same, in trust for the use of the said Abraham Post ; he, the said Abraham, to have and enjoy the possession of the same, and the rents, issues and profits thereof, until the youngest child of my daughter, Amy Eliza, attains the age of twenty-one years ; and in case it then be advisable, at any time before the said child attains the age of twenty-one years, to dispose of the said farm or tract of land, I do hereby authorize, empower and direct my said executors (the written assent of the said Abraham Post being first had and obtained) to sell the said tract of land and premises, at public sale, and the net proceeds of said sale to invest in some safe security, and the interest arising thereon, pay over annually to the said Abraham Post, until the youngest child of my said daughter, Amy Eliza, attains the age of twenty-one years. After the said child attains the age of twenty-one years, I order and direct my executors to sell the said tract of land at public sale (if the same is not already sold, as above directed), and the net proceeds of said sale, or the said principal sum invested, as aforesaid, as the

case may be, be by them divided between the children of my said daughter, Amy Eliza, share and share alike." The testator's daughter, Amy Eliza, was the wife of Abraham Post. She was dead at the time when the will was made. She left six children, all of whom were living at the testator's death. The youngest then was under six years of age, and the oldest over twenty-one. The executors proved the will on the 24th of March, 1856. Abraham Post, who is still living, received the rents, issues and profits of the farm up to the time when the youngest of Amy Eliza's children attained to the age of twenty-one. After that, and in the year 1871, the executors sold the property. One of the children, Martha A., died under the age of twenty-one, on the 26th of February, 1861, having never been married. Her administrator claims one-sixth of the proceeds of the sale of the farm. Her brothers and sisters, on the other hand, claim the whole. The executors, by the bill, ask for directions as to the payment.

The question presented is, whether the legacies given to Amy Eliza's children were vested at the testator's death, or whether they were contingent upon the legatee's attaining to the age of twenty-one years. If they were vested at the death of the testator, Martha's administrator is entitled to the one-sixth in question; if contingent, her brothers and sisters are entitled to the entire fund. The intention of the testator was to give the use of the farm in question to Abraham Post, until all the children of the latter's late wife (the testator's daughter, Amy Eliza) should have attained to their majority, when, presumably, he would no longer be charged with their support or maintenance, and they would no longer be dependent on him. Accordingly, he gave to Abraham Post, out of that property (which, judging from the plan of the will, was the share which he would have given to his daughter, Amy Eliza, had she been living, for her life, and after her death, to her children), the use thereof, until the majority of the youngest child, and directed, that at that time the principal should be, by his executors, divided between Amy Eliza's

children, in equal shares. The case presents the features of a gift to the children, contained only in the direction to divide; of a postponement of the distribution to let in another interest, and of fractional interests in the fund, bequeathed absolutely to different persons in succession, at periods which must arrive. The gift to the children, in my judgment, vested immediately on the death of the testator. Where, says Jarman, a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, the children, if any living at the death of the testator, take an immediately vested interest in their shares, subject to the diminution of those shares, (*i. e.*, to their being divested *pro tanto*,) as the number of objects is augmented by future births during the life of the tenant for life, and, consequently, on the death of any of the children during the life of the tenant for life, their shares (if their interest is transmissible) devolve to their respective representatives. 2 *Jarman on Wills* 75. Where the absolute property in a fund is bequeathed in fractional interests, in succession, at periods which must arrive, the interest of the first and subsequent takers vest together. *Roper on Leg.* 586. A bequest in the form of a direction to pay, or to pay and divide, vests immediately, if the payment be postponed for the convenience of the estate, or to let in some other interest. *Hawkins on Wills* 232; 1 *Jarman on Wills* 763; *Howell* v. *Green*, 2 *Vroom* 570; *Wintermute* v. *Snyder*, 2 *Green's Ch. R.* 490; *Van Dyke* v. *Vanderpool*, 1 *McCarter* 207; *Thomas* v. *Anderson*, 6 *C. E. Green* 22; *Packham* v. *Gregory*, 4 *Hare* 396, 398.

In the case under consideration, the time of payment is not annexed to the substance of the legacy, though there is no gift of the legacy distinct from the direction to the executors for its payment. The event on which the division was to take place was in no wise uncertain. The gift is not to such of the children as should be living when the youngest should attain to the age of twenty-one years, nor is there any language used, from which the conclusion can be deduced, that it was the inten-

tion of the testator that the legatees should not be entitled to their legacies in case they should not live to that period. He provides for no survivorship, nor is there any gift over. Had he not desired to give an interest in the property to Abraham Post, the testator would probably have given the legacies to the children, by words expressive of a present gift. The postponement of the time of distribution is a necessary consequence of the bequest to Abraham Post, with which it is coupled.

By the construction insisted upon in behalf of the surviving children, it is necessary to impute to the testator an intention that the children of any of Amy Eliza's children, who should die before the period of distribution, should not participate in the fund. Martha A., had she lived, would have been over thirty years of age when the youngest child attained her majority, and the oldest child would then have been thirty-six years old. Indeed, at the time when the will was made, the oldest child was over twenty-one years of age. The contingency of the death of some of these children, leaving issue, before the period of distribution should have arrived, may well have been in the contemplation of the testator. The will contains no evidence of his intention to confine participation in the fund, to such of the children as should live to the period fixed for the distribution. On the other hand, the bequests to the children of his other daughters, show that he intended that the shares given to his grand children should vest at his death. To each of his daughters, Julia Jane and Phebe, he gave the use of a farm for life, vesting the title in the executors, with like power of sale and distribution as in the case of the farm in Genesee county, except that the distribution was to take place at the death of the life tenant; and in those cases, he provided that at the death of the life tenant the proceeds of sale, or the principal money derived from sale made before the death of the life tenant, should be "divided between the children" of the life tenant, "share and share alike, to be paid to them as they" should "respectively attain to the age of twenty-one years." By the third

section of the will, he directed the executors to invest $5000, and pay the interest to his widow for life, and, "after the death" of his widow, to "divide the principal sum into three equal parts, one-third part thereof to be paid to the children" of his daughter Julia Jane, "to be equally divided between them." By the fourth section, he gave to "the children" of his daughter Phebe "the sum of $2000, to be equally divided between them, and to be paid to them as they" should "respectively attain the age of twenty-one years, together with whatever interest" might "accrue thereon, not used for their support and maintenance." By the fifth section, he gave "to the children" of Julia Jane, $500 each, "to be paid to them when they should attain to the age of twenty-one years, with interest accruing thereon, not needed for their support and maintenance." So, too, in disposing of the residue of his estate, he directed his executors to divide it into three equal parts, and gave one part to "the children" of Julia Jane, another to his son, and the remaining one to his daughter Sarah Ann, and provided, that the shares of the children of Julia Jane "be paid to them as they" should "respectively attain the age of twenty-one years." These gifts all vested in the legatees on the death of the testator.

The reason for the peculiar provision in the bequest to the children of Amy Eliza, that the distribution should not be made until the youngest child should have attained to the age of twenty-one years, has been before suggested. Had she been alive at the time of making the will, there is no reason to doubt that he would have made the like provision for her and her children in respect to the Genesee farm, which he had made for two of his other daughters and their children in respect to the farms, the use whereof he gave for life to those daughters. But she being dead, he gave to her husband, to enable him to bring up her children, the use of the Genesee farm for a period covering the minority of the youngest child, intending that, after that purpose should have been served, the proceeds of the property should go to Amy Eliza's children, in like manner as provided for the children of his other two.

·daughters, in respect to the farms given to them; and inasmuch as the use of the property was given to Amy Eliza's husband, up to the time when the youngest of her children should have attained the age of twenty-one years, there was, of course, no occasion, as there was in the other cases, for a provision limiting the time of payment in reference to their age. The executors will be directed to pay one-sixth of the fund to Martha's administrator.